# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

VIRGINIA MCKINNE BROOKS                                            PLAINTIFF

VS.                                               CIVIL ACTION NO. 4:04CV291-WAP-DAS

NORTHWEST AIRLINES CORP/
NORTHWEST AIRLINES, INC., ET AL.,                              DEFENDANTS

## ORDER

Before the court are the plaintiff's motion for leave to take depositions outside the discovery deadline and/or to extend the discovery deadline (# 69) and the defendants' motion to quash subpoenas duces tecum (# 79). Having duly considered the submissions of the parties, the record, and the applicable law, the court rules as follows:

*Depositions Outside Discovery Deadline*

The plaintiff seeks leave to take the depositions of airline personnel outside the discovery deadline, arguing that the bankruptcy stay previously entered herein and the defendants' filing of motions for summary judgment have hindered her ability to conduct discovery. Additionally, plaintiff's counsel states he reached an agreement with defense counsel to take said depositions presumably outside the current discovery deadline. Further, the plaintiff adds a request to compel the defendants to respond to discovery requests that were served some four years ago.

First, the plaintiff has failed to convince the court that the bankruptcy stay and the filing of motions for summary judgment have hindered her ability to take depositions in this case. As pointed out by the defendants, a new case management order was entered in this case on October 16, 2008 (# 39) subsequent to the court's order lifting the stay (# 35), and a new discovery of April 16, 2009 was established. Also, the defendants' motions for summary judgment were filed

on May 1, 2009, after the discovery deadline had expired. Furthermore, any agreement by the parties affecting deadlines entered by this court is subject to court approval. Lastly, any request by the plaintiff to compel discovery is untimely, as both the discovery deadline and the motions deadline had expired at the time the instant motion was filed. Accordingly, this motion shall be denied.

*Motion to Quash Subpoenas*

On June 24, 2009, the plaintiff emailed subpoenas duces tecum to counsel for the defendants, requesting that the defendants produce certain documents on or before June 29, 2009. The discovery deadline had expired at the time the subject subpoenas were emailed. Moreover, Rule 34 of the *Federal Rules of Civil Procedure* provides the appropriate avenue for obtaining documents from a party. Lastly, the plaintiff has failed to establish that the defendants consented to service by electronic means under Rule 5. Accordingly, the defendants' motion to quash shall be granted.

**THEREFORE, IT IS ORDERED**:

1. That the plaintiff's motion to take depositions outside the discovery deadline and/or to extend the discovery deadline is hereby DENIED; and

2. The defendants' motion to quash subpoenas is hereby GRANTED.

This 20th day of July, 2009.

/s/ David A. Sanders
**U. S. MAGISTRATE JUDGE**