**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**VIRGINIA MCKINNE BROOKS**                                                                                  **PLAINTIFF**

**VERSUS**                                                                  **CIVIL ACTION NO. 4:04CV291-P-S**

**NORTHWEST AIRLINES, INC., et al**                                                                **DEFENDANTS**

**ORDER**

This cause is before the Court on defendant Northwest Airlines, Inc.'s Motion for Summary Judgment [53]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant articulates two bases for its motion; however, the Court need only address one to fully dispose of the motion. Plaintiff seeks recovery for an alleged slip and fall which occurred on April 21, 2004 following a Northwest flight from Baltimore, Maryland to Memphis, Tennessee. She filed suit on August 27, 2004.[1] On September 14, 2005, Northwest Airlines, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Defendant filed a Notice of Bankruptcy with this Court on September 22, 2005. On November 14, 2005, this Court entered a stay pursuant to a motion filed by Northwest, Inc.'s codefendant, MSCAA.

On May 18, 2007, the United States District Court for the Southern District of New York entered its Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bank. P. 3020 Confirming Debtors' First Amended Joint and Consolidated Plan of

---

[1] The suit was originally filed in the Circuit Court of Washington County, Mississippi. Defendants removed the case to this Court on September 27, 2004.

Reorganization Under Chapter 11 of the Bankruptcy Code. Following approval of certain modifications to the plan on May 25, 2007, the Debtors' First Amended Joint and Consolidated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code was filed.

The claims raised against Northwest Airlines, Inc. in the instant action are "claims" within the meaning of the Confirmed Plan and 11 U.S.C. § 101(5). The Confirmed Plan provides a procedure for the payment of "Allowed Claims" and a procedure for dealing with "Disputed Claims." Plaintiff's claims meet the definition of "Disputed Claims." Plaintiff did not follow the procedure for "Disputed Claims" or take any action in the Bankruptcy Court to avoid the discharge provisions of the Confirmed Plan. Instead, on or about August 12, 2007, plaintiff filed a "Motion to Lift Stay" in the Bankruptcy Court. However, the Court record reflects no order was ever entered upon that motion and no other filings were made by plaintiff.

Pursuant to the Confirmed Plan, and because no filings were made by plaintiff to pursue her claims in the Bankruptcy Court or to remove her claims from operation of the Plan, it now operates as a discharge of plaintiff's claims asserted in this action.[2][3][4] As a result, and due to the lack of any

---

[2] The Plan provides in pertinent part:

> Except as otherwise provided herein or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made hereunder shall be in complete satisfaction of and shall discharge and terminate . . . all existing debts and Claims, of any kind, nature or description whatsoever against or in the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, on the Effective Date, all existing . . . Claims against the Debtors, including intercompany claims, shall be, and shall be deemed to be, satisfied, discharged and terminated, and all holders of . . . Claims against any of the Debtors shall be precluded and enjoined from asserting against the Reorganized Debtors, or any of their assets or properties, any other . . . Claim[s] against any of the Debtors based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof

2

action by plaintiff to pursue her claims before the Bankruptcy Court or to take any action removing her claims here from operation of the discharge provisions of the Confirmed Plan, defendant Northwest Airlines, Inc. is entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Northwest Airlines, Inc.'s Motion for Summary Judgment [53] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that Northwest Airlines, Inc. is hereby DISMISSED as a party defendant.

SO ORDERED, this the 23rd day of September, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

of claim or proof of equity interest.

Exhibit C. to Defendant's Motion for Summary Judgment at p. 40.

[3] Plaintiff's response makes much of the fact that Brooks herself received no formal notification of the pendency of bankruptcy proceedings involving Northwest. However, the record is clear that her attorney in this matter, G. Ken Ellis, Jr., received actual notice of the bankruptcy proceedings by virtue of the Notice of Bankruptcy filed in the instant case and of numerous filings in the bankruptcy proceeding itself. Under the circumstances, actual notice to Brooks' attorney is sufficient to impute notice to Brooks.

[4] The fact that defendant failed to include plaintiff in its list of creditors until after Northwest's Plan of Reorganization had been confirmed does not affect the outcome of the analysis. Pursuant to 11 U.S.C. § 523, a debt may be discharged regardless of the fact that it is "neither listed nor scheduled under § 521" so long as the "creditor had notice of actual knowledge of the case in time" to permit a "timely filing of a proof of claim." 11 U.S.C. § 523(a). As noted supra, Brooks had sufficient notice of the pending bankruptcy proceedings to "excite attention and put [her] on [her] guard and call for inquiry . . . ." Robbins v. Amoco Production Co., 952 F.2d 901, 908 (5th Cir. 1992).